# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 18, 2026
Lyle W. Cayce
Clerk

No. 26-50619

Joseph Ward, by his next friend Barbara Drumheller; Marc Lawson, by his next friend Krista Chacona; Jennifer Lampkin, by her next friend Elsie Craven; Kenneth Jones, by his next friend Patricia Sedita; Julian Torres, by his next friend Melissa Shearer,

*Plaintiffs—Appellees*,

*versus*

Stephanie Muth, *in her official capacity as Executive Commissioner of the Texas Health and Human Services Commission*,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-917

UNPUBLISHED ORDER

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:

When a Texas state court determines that a criminal defendant is incompetent to stand trial, it is authorized to order him to receive "competency restoration" services at a mental health facility operated by the Texas Health and Human Services Commission ("HHSC"). Tex. Code Crim.

Proc. art. 46B.071. Because HHSC does not have the capacity to house every incompetent detainee, it maintains a first-come, first-served waitlist.

Plaintiffs are a class of present and future post-commitment, pre-hospitalization detainees. The class includes detainees who have been deemed incompetent by a court and ordered to undergo competency-restoration services but who, because of high demand and low capacity, have yet to receive treatment in an HHSC facility.

Plaintiffs claim that their post-commitment, pre-hospitalization wait time violates the due process clause of the Fourteenth Amendment if it exceeds 21 days. The district court agreed and issued a permanent injunction in plaintiffs' favor. The court held that HHSC violated the due process clause with respect to the class every time it failed to provide a bed and competency-restoration services within 21 days of receiving a commitment order. Its injunction gave HHSC four years to comply with the 21-day limit. The court required that, in the meantime, HHSC meet with plaintiffs to develop "appropriate benchmarks" and "monitoring" to ensure that HHSC complies within the four-year period.

HHSC asks this court to stay the injunction while the merits of the appeal are being decided. Because all of the stay factors favor HHSC, we GRANT its opposed motion for stay pending appeal.

## I.

To determine whether a party is entitled to a stay pending appeal, we consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *SEC v. Barton*, 79 F.4th 573, 581 (5th Cir. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "The first

factor—likelihood of success on the merits—is 'the most important.'" *United States v. Abbott*, 110 F.4th 700, 706 (5th Cir. 2024) (quoting *Mock v. Garland*, 75 F.4th 563, 587 n.60 (5th Cir. 2023)).

A.

HHSC is likely to succeed on the merits. First, the district court's application of *Jackson v. Indiana*, 406 U.S. 715 (1972), is probably inappropriate. Second, the court erred when it held that substantive due process entitles plaintiffs to a 21-day limit on post-commitment, pre-hospitalization confinement. Finally, the court strayed when it held, in the alternative, that HHSC failed even under rational-basis review.

1.

The district court first was likely mistaken to apply *Jackson* at all. In *Jackson*, the Court held that "a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." *Id.* at 738.

But, as the district court acknowledged, the reason *Jackson* held that indefinite treatment at a mental health facility violated the due process clause is because it found "that the nature and duration of [Jackson's] commitment were no longer related to the purpose of his commitment—namely, attaining competency to stand trial." That was because the "record ... sufficiently establishe[d] the lack of a substantial probability that [Jackson] w[ould] ever be able to participate fully in a trial." *Jackson*, 406 U.S. at 738–39. In other words, *Jackson* held that indefinite *hospitalization* can run afoul of substantive due process guarantees where there is evidence that the detainee will likely never regain competency. *Id.*

*Jackson*'s focus on post-hospitalization confinement is crucial, because its reasoning would have been shaky without it. The Court's reasonableness test was explicitly designed to evaluate the permissibility of continued hospitalization, given the possibility that detainees could be held indefinitely even after their hospital professionals had determined them unlikely to retain competency. Thus, the standard for "a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial" is whether that person is "held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." *Id.* at 738.

This case, very differently, concerns *pre*-hospitalization detainment. Plaintiffs in the certified class have yet to begin competency-restoration treatment. Unlike the situation in *Jackson*, there is no way to evaluate whether these plaintiffs are substantially unlikely to regain competency. That analysis does not begin until detainees at least have begun treatment.[1]

Nevertheless, the district court extended *Jackson*'s substantive due process reasoning to post-commitment, pre-hospitalization detainees. It held that because "the *Jackson* standard applies to Plaintiffs' claim," and "21 days after HHSC receives the criminal court's commitment order is the outer constitutional limit for pre-hospitalization detention in these circumstances," "the duration of Class members' confinement on HHSC's forensic waitlists violates the Fourteenth Amendment's substantive due-process guarantee." That holding is probable error because, at least, of the factual differences between this case and *Jackson*.

If a claimed right "is not [so deeply rooted], we review only for a

[1] This analysis is not meant to suggest that post-commitment, pre-hospitalization detainees have *no* due process rights, but only to show that the district court was likely mistaken to apply the *Jackson* standard.

rational basis," *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 505 (5th Cir. 2006), and "[r]ational basis review begins with a strong presumption of constitutional validity," *id.* at 504. Neither *Jackson* nor the out-of-circuit and district court cases that the district court cited here establish a "fundamental" and "deeply rooted" substantive right to post-commitment, pre-hospitalization confinement of less-than 22 days for incompetent detainees. *Glucksberg*, 521 U.S. at 722. Because of that, rational-basis review applies. *Malagon de Fuentes*, 462 F.3d at 505.

2.

Even if the district court were correct in deciding that *Jackson* applies to this case, its ruling does not follow from *Jackson*. As noted above, *Jackson* established a reasonableness standard. To determine whether the nature or duration of confinement constituted a due process violation, the Court asked whether they bore "some reasonable relation to the purpose for which the individual is committed." *Jackson*, 406 U.S. at 737. A person "cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain [competency] in the foreseeable future." *Id.*

The district court purported to apply *Jackson*'s reasonableness standard but declined to consider HHSC's claim of limited resources. Instead, it focused only on "the time reasonably necessary to complete the ministerial tasks incident to transfer—identifying the appropriate treatment facility and arrangement of transportation to that facility." The district court's well-intentioned analysis misses the point of *Jackson*'s reasonableness standard by focusing entirely on one aspect of the transfer of incompetent detainees and

ignoring another.[2] HHSC is thus likely to prevail on its contention that the district court misapplied *Jackson*.

3.

HHSC is also likely to succeed on its argument that the district court erred when it concluded that the HHSC's procedures—most critically, the post-commitment, pre-hospitalization wait time—cannot even pass rational-basis review. "[R]ational-basis review is a low bar that is satisfied so long as 'there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Illumina, Inc. v. FTC*, 88 F.4th 1036, 1047 (5th Cir. 2023) (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)). HHSC's waitlist program is likely to pass that test with flying colors.

II.

Though "[t]he first factor—likelihood of success on the merits—is 'the most important,'" *United States v. Abbott*, 110 F.4th 700, 706 (5th Cir. 2024) (quoting *Mock*, 75 F.4th at 587 n.60), we briefly note that the other three factors also point in HHSC's favor.

HHSC will be irreparably injured absent a stay. Though the district court's order purports to allow HHSC four years to comply, it also requires HHSC to take concrete steps toward compliance and to subject itself to monitoring by the court. An injunction that "command[s] how [an agency] must allocate its time, funding and facilities . . . necessarily interferes with [the agency]'s ability to perform its statutory duties . . . [a]nd hinders [the agency]'s flexibility to address the facts on the ground," *Valentine v. Collier*, 978 F.3d 154, 165 (5th Cir. 2020), *ipso facto* causes irreparable harm. That is

---

[2] *See United States v. Delorme*, 2023 WL 8020262, at *23 (D.N.M. Nov. 17, 2023) (considering resource constraints while applying *Jackson*).

true here.

Similarly, HHSC has no adequate alternative relief to a stay pending appeal. The injunction requires HHSC to use its resources to take immediate steps toward compliance.

Finally, the balance of the equities and public interest favor HHSC. "[W]hen 'the State is the appealing party, its interest and harm merge with that of the public.'" *Richardson v. Tex. Sec'y of State*, 978 F.3d 220, 243 (5th Cir. 2020) (quoting *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2018)). Given that the district court issued class relief and required compliance with the 21-day rule only after four years, members of the class will not be harmed by a stay while the appeal is being decided. By contrast, HHSC must start redirecting its resources immediately to comply with the order.

* * * * *

All the relevant factors favor a stay. The motion for a stay pending appeal is GRANTED.[3]

---

[3] This is a preliminary ruling by an administrative panel. The merits panel to which this matter is assigned will make a final determination of the issues after full briefing and consideration.